UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00033-MR
[CRIMINAL CASE NO. 2:06-cr-00004-MR-WCM-1]

| | |
|---|---|
| TERENCE HOWARD ROACH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

I.  **BACKGROUND**

On February 8, 2006, Petitioner Terence Howard Roach ("Petitioner"), along with two co-Defendants, was charged in a Bill of Indictment with one count of first-degree murder in violation of 18 U.S.C. § 1111 (Count One); one count of kidnapping in violation of 18 U.S.C. § 1201(a)(2) (Count Two); and one count of use of a firearm in furtherance of a crime of violence,

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 1:23-CV-00033-MR, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 2:06-cr-00004-MR-WCM-1.

namely murder as defined in 18 U.S.C. § 1111, that is "willfully, deliberately, maliciously, and with premeditation," in violation of 18 U.S.C. §§ 924(c)(1)(A)(iii) and 924(j)(1). [CR Doc. 10: Bill of Indictment]. Petitioner agreed to plead guilty to Counts One and Three and the Government agreed to dismiss Count Two and not to seek the death penalty. [CR Doc. 45 at ¶¶ 1-2, 7: Plea Agreement]. On August 31, 2007, Petitioner was sentenced to a term of life imprisonment on Count One and a consecutive term of life imprisonment on Count Three by the Honorable Lacy H. Thornburg, United States District Judge.[2] [CR Doc. 113 at 1, 8-9: Sentencing Tr.]. Judgment on Petitioner's conviction was entered on September 13, 2007. [CR Doc. 74: Judgment]. Petitioner appealed and, on September 22, 2009, the Fourth Circuit dismissed the appeal. [CR Docs. 92, 151].

On January 24, 2023, Petitioner filed the instant pro se motion to vacate sentence under 28 U.S.C. § 2255. [CV Doc. 1 at 12]. Citing United States v. Davis, 139 S.Ct. 2319 (2019),[3] Petitioner argues that he is actually

---

[2] This case was reassigned to the Undersigned on Judge Thornburg's retirement. [See 12/7/2009 Docket Entry].

[3] Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B). In Davis, the Supreme Court held that the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague."

innocent of Count Three because kidnapping resulting in death is not a crime of violence under § 924(c) and that, if he had known that "the statutory definition of crime of violence was vague," he would not have pleaded guilty to Counts One and Three. [Id. at 13]. Petitioner further argues that recent decisions make clear that federal kidnapping, 18 U.S.C. § 1201(a), is not a crime of violence under § 924(c) and that the Court and his attorney misled Petitioner to believe kidnapping was a valid § 924(c) predicate. [Id. at 14].

Petitioner contends that his motion is not barred by AEDPA's one-year limitations period because "he is actually innocent and actually prejudice[d] by being sentenced in excess of his statutory maximum penalty of 8 years imprisonment under 18 U.S.C. Sec. 1111 for involuntary manslaughter." [Id. at 11]. For relief, Petitioner asks that his guilty plea be set aside and that he be resentenced and released immediately. [Id. at 12].

## II. STANDARD OF REVIEW

A federal prisoner claiming that his "sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to

---

139 S.Ct. at 2336. As such, after <u>Davis</u>, a predicate offense under § 924(c) must qualify as a crime of violence under the force clause.

collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a).

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that Petitioner's motion can be resolved without an evidentiary hearing based on the record and governing law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

**III. ANALYSIS**

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Among other things, the AEDPA amended 28 U.S.C. § 2255 by imposing a one-year statute of limitations period for the filing of a motion to vacate. Such amendment provides:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of-
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is

4

> removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Petitioner's conviction here became final for purposes of Section 2255(f) on December 21, 2009, when the 90-day period to petition the Supreme Court expired. See United States v. Clay, 537 U.S. 522, 524-25 (2003) (when a defendant does not appeal, his conviction becomes final when the opportunity to appeal expires); U.S. Sup. Ct. R. 13. Petitioner, however, did not file the instant motion to vacate until January 24, 2023, over 13 years after his conviction became final. As such, Petitioner's motion is untimely. To be sure, Petitioner relies on Davis for § 2255 relief. [CV Doc. 1 at 13]. Davis was decided on June 24, 2019. Petitioner's motion to vacate was filed nearly three and a half years later. Therefore, even if Davis afforded Petitioner relief, which it does not, Petitioner's motion is untimely and barred

by the AEDPA.[4]

Because Petitioner addressed the timeliness issue in his original motion to vacate, the Court need not provide Petitioner any additional opportunities to address this issue. See Whitener v. United States, No. 3:14-cv-600-MOC, 2014 WL 7339188 (Dec. 23, 2014); Cureton v. United States, 2007 WL 1651437, n.1 (W.D.N.C. June 2, 2007). As such, Petitioner's claim is untimely under § 2255(f). The Court will, therefore, dismiss Petitioner's motion to vacate on initial review.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's Section 2255 motion is untimely and is denied and dismissed with prejudice.

The Court further finds that Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85

---

[4] Petitioner's § 924(c) predicate crime of violence was first-degree murder under 18 U.S.C. § 1111(a), not involuntary manslaughter as Petitioner contends. First-degree murder remains a crime of violence for purposes of § 924(c) after Davis. United States v. Jackson, 32 F.4th 278, 287 (4th Cir. 2022).

(2000)). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that the Motion to Vacate states a debatable claim of the denial of a constitutional right. <u>Slack v. McDaniel</u>, 529 U.S. at 484-85. As a result, the Court declines to issue a certificate of appealability. <u>See</u> Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

## ORDER

**IT IS, THEREFORE, ORDERED** that Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 [Doc. 1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

Signed: March 7, 2023

Martin Reidinger
Chief United States District Judge